# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal No. 03-72 |
| | ) | |
| ROSCOE B. THOMPSON, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CONTI, Senior District Judge

Pending before the court is a motion for resentencing (ECF No. 1217) pursuant to the First Step Act of 2018 (the "First Step Act"), Pub. L. No. 115-391, 132 Stat. 5194, and a motion for release from custody (ECF No. 1218) filed by defendant Roscoe B. Thompson ("defendant"). The government filed responses in opposition to each of the motions. (ECF Nos. 1221, 1223.) Defendant filed a reply with respect to his motion for release from custody. (ECF No. 1222.)

On February 23, 2006, defendant was convicted of: one count of conspiracy to distribute and possess with the intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(i), and 846 (count 1); two counts of possession with the intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (counts 8 and 17); one count of conspiracy to distribute and possession with the intent to distribute 50 grams or more of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846 (count 21); and one count of possession with the intent to distribute a quantity of cocaine base, in the form commonly known as crack, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C) (count 22).

On October 30, 2006, the court at the time of sentencing explained that defendant's total offense level was 32 and his criminal history category was IV, which produced a sentencing guideline range for imprisonment of 168 to 210 months at each of counts 1, 8, 17, and 22. The statutory mandatory minimum sentence for the offense at count 21 was 240 months (20 years), and, therefore, the applicable sentencing guideline at count 21 was 240 months. The court sentenced defendant at count 21 to the statutory minimum term of imprisonment of 240 months (20 years), and at each of counts 1, 8, 17, and 22 to a term of imprisonment of 168 months, with all terms of imprisonment to concurrently run, for a total term of imprisonment of 240 months. The court sentenced defendant to a term of supervised release of eight years at count 1, six years at each of counts 8, 17, and 22, and ten years at count 21, with all terms of supervised release to concurrently run, for a total term of supervised release of 10 years.

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 (the "FSA"), Pub. L. 111-220, 124 Stat. 2372, which, among other things, changed the penalty structure for crack offenses, 21 U.S.C. § 841(b); Dorsey v. United States, 567 U.S. 260, 268-69 (2012). For example, the FSA reduced the statutory minimum term of imprisonment that would have applied at count 21 to defendant, who had a prior felony drug conviction, from 20 years to 10 years and the term of supervised release from 10 years to 8 years. The FSA, however, did not apply to defendant at the time it was enacted because it was not retroactive and defendant was sentenced prior to the FSA's effective date of August 3, 2010.

On December 21, 2018, the First Step Act was enacted, which, among other things, made the provisions of the FSA retroactive to defendants who were sentenced prior to August 3, 2010, and gave authority to district courts in certain circumstances to reduce a sentence imposed upon a defendant. Pursuant to the First Step Act, this court may reduce a sentence imposed upon a

defendant as if the sections of the FSA that reduced the penalties for crack offenses were in effect at the time the court originally sentenced the defendant. If the FSA was effective on October 30, 2006, i.e., the day on which this court sentenced defendant, the statutory minimum term of imprisonment for the offense charged in count 21 would have been 10 years or 120 months and the statutory minimum term of supervised release would have been 8 years or 96 months. As of January 4, 2019, the day on which defendant filed his motion for resentencing under the First Step Act, he had served approximately 174 months of his term of imprisonment.

The court prior to reducing defendant's sentence will consider the applicable sentencing guidelines. After grouping the counts, defendant in this was responsible for between 50 grams and 150 grams of crack cocaine and between 100 and 400 grams of heroin, which results in a converted drug weight of 278.55 kilograms to 935.65 kilograms. U.S.S.G. § 2D1.1. A converted drug weight of at least 100 kilograms but less than 400 kilograms results in a base offense level of 24. Id. A converted drug weight of at least 700 kilograms but less than 1,000 kilograms results in a base offense level of 28. Id. The guidelines, however, are ambiguous about which base offense level should apply in this case. The court will, therefore, apply the rule of lenity, i.e., resolving the ambiguity in the guidelines in favor of defendant, and use the lower offense level of 24 to calculate defendant's guidelines range in this case. United States v. Fleming, 617 F.3d 252, 269-70 (3d Cir. 2010) (holding the rule of lenity applies to the guidelines); United States v. Hull, Crim. Action No. 07-38-16, 2011 WL 2784812, at *4 n.2 (E.D. Pa. July 18, 2012) ("In the face of such an ambiguity, the rule of lenity prevents a defendant from receiving a significantly lengthier sentence under the Guidelines."). No adjustments applied to defendant's offense level. A total offense level of 24 and a criminal history category of IV results in a guideline range of imprisonment of 77 to 96 months, but in light of the new mandatory minimum sentence of 120

months, defendant's guideline term of imprisonment at count 21 is 120 months. U.S.S.G. Chapter 5, Part A; U.S.S.G. § 5G1.1(b). Defendant, therefore, has served a term of imprisonment with respect to count 21 that is at least 54 months longer than the high-end of the guideline range. Defendant has served more than the 168-month concurrent terms of imprisonment imposed at counts 1, 8, 17, and 22, and the issue of reduction is moot with respect to those counts.

Based upon the foregoing, defendant with respect to count 21 is entitled to resentencing under the First Step Act. The government agrees that defendant under the First Step Act "is eligible to petition this Court for relief…[because] his statutory mandatory minimum would be reduced to 120 months (10 years), and his advisory sentencing guidelines range likely would be lower than that." (ECF No. 1223 at 2.) The government, however, requests that in light of defendant's "extremely serious and violent criminal history" that the court impose an additional condition of supervised release upon defendant requiring him to reside at a halfway house or community confinement center upon release from imprisonment. (Id. at 3.) According to the government, the additional condition of supervised release "will allow the Probation Office to develop an appropriate Supervised Release plan to enable…[defendant] to complete a successful transition from confinement within the Bureau of Prisons, into the community." (Id.)

The court via an order will reduce the term of imprisonment imposed upon defendant to a term of imprisonment of time served and a term of supervised release of 8 years to concurrently run to the terms of supervised release imposed at counts 1, 8, 17, and 22, for a total term of supervised release of 8 years. All other provisions of the judgment entered against defendant on October 30, 2006, unless otherwise referred to in this memorandum opinion or accompanying order, shall remain unchanged. Defendant's release from imprisonment will be subject to an

additional condition of supervised release requiring him immediately upon release from imprisonment or as soon as a bed is available to serve the first six months of his term of supervised release at a community confinement center, e.g., Renewal, Inc. The additional condition requiring defendant to reside at the community confinement center is not intended to be punitive in nature; rather, it will provide defendant time and assistance to successfully transition from incarceration into society. Defendant shall use the six-month period to find appropriate housing and employment.

The motion for resentencing (ECF No. 1217) will be GRANTED, and the motion for release from custody (ECF No. 1218) will be denied as moot.

An appropriate order will be entered.

By the court:

Dated: February 6, 2019

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge